IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AMIR FATIR,
a/k/a Sterling Hobbs,                          :
                                               :
            Petitioner,                        :
                                               :
      v.                                       :       Civ. A. No. 97-79-CFC
                                               :
WALTER REDMAN, Superintendent,                 :
ATTORNEY GENERAL OF THE STATE                  :
OF DELAWARE,                                   :
                                               :
            Respondents.                       :

---

**MEMORANDUM**

**I.      BACKGROUND**

In 1976, a Delaware Superior Court jury convicted Petitioner Amir Fatir

("Petitioner") and his three co-defendants of first degree murder, first degree robbery,

and second degree conspiracy; the jury also convicted Petitioner of possession of a

deadly weapon during the commission of a felony ("PDWCF").  *See Fatir v. Thomas*,

106 F.Supp.2d 572, 575 (D. Del. 2000).  The convictions stemmed from the May 5,

1975 robbery of a liquor store in Claymont, Delaware and the killing of a sales clerk.

*See State v. Hobbs*, 1978 WL 185314, at *1 (Del. Super. Ct. Jan. 18, 1978).  Petitioner

was sentenced to death on his murder conviction under Delaware's former mandatory

death sentence statute.  *Id*.; *see also Hobbs v. State*, 538 A.2d 723 (Del. 1988).

Petitioner appealed.  In 1980, the Delaware Supreme Court affirmed Petitioner's

convictions, but noted that resentencing would be necessary for the first degree murder

conviction in accordance with the decision in *State v. Spence*, 367 A.2d 983 (Del.

1976). *Id.* at 576.   On remand, the Superior Court vacated the death sentence and re-

sentenced Petitioner to life in prison without parole for his murder conviction. *See*

*Hooks v. State*, 429 A.2d 1312, 1313 (Del. 1981).   Petitioner appealed, and the

Delaware Supreme Court affirmed the Superior Court's decision. *Id.* at 1314.

It appears that Petitioner filed his first § 2254 petition in 1980. *See Fatir*, 106

F.Supp.2d at 576 n.4.   The Honorable Murray M. Schwartz denied the petition, rejecting

some claims as unexhausted and others as meritless. *See Abubake v. Redman*, 521 F.

Supp. 963 (D. Del. 1981), *vacated by Abubake a/k/a Golson v. Redman*, 696 F.2d 980

(3d Cir. 1982).   The Third Circuit Court of Appeals vacated that judgment, ruling that the

petition was a "mixed petition" requiring dismissal without prejudice under *Rose v.*

*Lundy*, 455 U.S. 509 (1982). *See Fatir*, 106 F. Supp. 2d  at 577.   The case was

remanded with instructions to dismiss the petition to allow Petitioner to either exhaust

unexhausted claims or delete them.  (D.I. 1 at 3)

Petitioner chose to exhaust state remedies and, in 1983, filed in the Delaware

Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court

Criminal Rule 61. *See Fatir*, 106 F. Supp. 2d at 577.   The Superior Court denied the

motion, and the Delaware Supreme Court affirmed that judgment. *Id*.   Thereafter,

Petitioner made several unsuccessful attempts to have his sentence commuted. *Id*.

In 1997, Petitioner filed a federal habeas petition challenging his 1976

convictions for first degree murder, first degree robbery, conspiracy in the second

2

degree, and possession of a deadly weapon during the commission of a felony. *See*

*Fatir*, 106 F. Supp. 2d 572. The 1997 petition asserted a total of seven claims, which

the Honorable Gregory M. Sleet denied as meritless on July 23, 2000. (D.I. 30; D.I. 31);

*see also Fatir*, 106. F. Supp. 2d at 578-89.

Petitioner filed another habeas petition in September 2008 asserting fourteen

claims challenging his 1976 convictions. (*See* D.I. 2 in *Fatir v. Phelps*, Civ. A. No. 08-

567-GMS). Judge Sleet dismissed the petition for lack of jurisdiction after determining

that it constituted an unauthorized second or successive habeas petition. (*See id.* at

D.I. 5)  Petitioner appealed, and the Third Circuit terminated the appeal after denying

his motion for a certificate of appealability. (*See id.* at D.I. 9)

Following the adjudication of his 1997 habeas petition, Petitioner filed numerous

motions in the Delaware state courts challenging his sentences. In 2015, he succeeded

in getting his thirty-year sentence for PDWCF vacated. *See Fatir v. State*, 123 A.3d 940

(Table), 2015 WL 5168266 (Del. Sept. 2, 2015).

In December 2018, Petitioner filed in his closed 1980 federal habeas corpus

proceeding a motion for leave to re-file the vacated initial habeas corpus petition or

leave to file an amended habeas petition. (*See* D.I. 2 in *Fatir v. Redman*, C.A. No. 80-

440-CFC)  Petitioner alleged he had never been notified that the Third Circuit vacated

Judge Schwartz's dismissal of his very first habeas petition, or that the petition was

thereafter dismissed without prejudice. (*See id.* at 1)  He contended that he was

"therefore effectively prevented from having his initial habeas corpus petition filed and

litigated." (*Id.*)  The motion for leave to re-file attempted to re-assert the "issues raised

3

in the original petition – not the one scaled down to one issue by petitioner's court-appointed attorney," as well as an additional nineteen claims. (*Id.* at 2-3)  The Court dismissed the motion for leave to re-file for lack of jurisdiction after determining that it constituted an unauthorized second or successive habeas petition. (*See* D.I. 5 and D.I. 6 in *Fatir v. Redman*, C.A. No. 80-440-CFC)  Petitioner appealed, and the Third Circuit declined to grant a certificate of appealability and terminated his appeal. (*See id.* at D.I. 9)

In September 2023, Petitioner filed a Rule 60(b)(4) motion in the United States District Court for the Eastern District of Pennsylvania, challenging Judge Sleet's denial of his 1997 habeas petition.[1] (D.I. 41)  The District Court for the Eastern District of Pennsylvania transferred the Rule 60(b)(4) motion to this Court. (D.I. 41-3)

## II.   STANDARD OF REVIEW

Rule 60(b)(4) "authorizes the court to relieve a party from a final judgment if the judgment is void."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (cleaned up).  A judgment can be void on two grounds: (1) if the rendering court lacked subject matter jurisdiction; or (2) if the rendering court acted in a manner inconsistent with due process of law.  *See Mauro v. New Jersey Supreme Court*, 238 F. App'x 791, 793 (3d Cir. 2007).  A "judgment will be rendered void for lack of subject matter jurisdiction only where there is a total want of jurisdiction or in the rare instance of a clear usurpation of power."  *United States v. Zimmerman*, 491 F. App'x 341, 344

---

[1]Since Judge Schwartz's denial of Petitioner's 1980 petition was ultimately dismissed without prejudice upon remand from the Third Circuit, the Court views the instant Rule 60(b)(4) as challenging the judgments concerning his 1997 petition and any subsequent motions related to that decision.

(3d Cir. 2012). A Rule 60(b)(4) motion on the grounds that a judgment is void may be

brought at any time. *See United States v. One Toshiba Color Television*, 213 F.3d 147,

157 (3d Cir. 2000).

Nevertheless, when, as here, a district court is presented with a Rule 60(b)

motion after it has denied the petitioner's federal habeas petition, the court must first

determine if the Rule 60(b) motion constitutes a second or successive habeas petition

under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by

the Third Circuit:

> in those instances in which the factual predicate of a
> petitioner's Rule 60(b) motion attacks the manner in which
> the earlier habeas judgment was procured and not the
> underlying conviction, the Rule 60(b) motion may be
> adjudicated on the merits. However, when the Rule 60(b)
> motion seeks to collaterally attack the petitioner's underlying
> conviction, the motion should be treated as a successive
> habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). When presented with an

unauthorized second or successive petition, a district court's "only option is to dismiss

the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."

*Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002); *see also* 28 U.S.C. §

2244(b)(1).

## III.   DISCUSSION

In his Rule 60(b)(4) Motion, Petitioner asserts that the "border line separating

Delaware and Pennsylvania has always been and remains in dispute." (D.I. 41 at 12)

Citing 29 Del. Code § 201, he states

> Delaware's border with Pennsylvania and New Jersey is
> defined by a 12-mile semicircle that originates from the
> cupola of Historic Old New Castle Courthouse (now a
> museum). The place where the crime occurred, to wit the
> Ridge Liquor Store, supposedly in Claymont, Delaware, is
> 12.3 miles "as the crow flies' from the official starting point.

(D.I. 41 at 3) Consequently, Petitioner argues that "neither the State of Delaware nor

the U.S. District Court for the District of Delaware had either personal or subject matter

jurisdiction over Petitioner or the matter" because the crime of conviction actually

occurred in the State of Pennsylvania and not in the State of Delaware.  (D.I. 41 at 18-

19)  On this basis, Petitioner contends that the Court's prior judgments denying his 1997

habeas petition and Rule 60(b) motions are void.

Petitioner's argument is unavailing.  Distilled to its core, Petitioner's contention

concerning Delaware's 12-mile circular boundary and the Delaware state courts' lack of

jurisdiction over his case challenges his criminal judgment of conviction in Delaware,

which is the same judgment of conviction Petitioner challenged in his 1997 petition.

Because the instant argument could have been presented in the 1997 petition, the

Court finds that the Motion is a second or successive habeas request under § 2244.

There is no indication that the Third Circuit Court of Appeals authorized the filing of the

instant successive habeas request.  Therefore, the Court will dismiss Petitioner's

successive habeas request/Rule 60(b)(4) Motion for lack of jurisdiction.[2]

---

[2]Nothing in the instant Rule 60(b)(4) Motion comes close to satisfying the substantive
requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2).
Therefore, the Court concludes that it would not be in the interest of justice to transfer
this case to the Third Circuit.

Additionally, even if the Court were to treat the instant Motion as a true Rule 60(b)(4) motion, Petitioner's argument lacks merit. The Federal Rules of Civil Procedure govern the procedure in the United States district courts in suits of a civil nature. *See* Fed. R. Civ. P. 1, 81. "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only in the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). Petitioner's 1997 petition was filed pursuant to 28 U.S.C. § 2254, which grants this Court the authority to review applications for writs of habeas corpus relief filed in behalf of persons in custody pursuant to the judgment of a state court. Petitioner's argument concerning Delaware's 12-mile circular boundary rule does not demonstrate that this Court lacked an "arguable basis" for exercising § 2254 jurisdiction over his federal habeas petition and related subsequent motions for reconsideration.[3] Therefore, the Court concludes that Petitioner is not entitled to relief under Rule 60(b)(4).

## IV.   CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 60(b)(4) Motion. (D.I. 41) The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional

---

[3]As a practical matter, Petitioner fails to address why the official maps of Delaware and Pennsylvania fail to accurately delineate the location of the border between the states. It would be improper for this Court, upon Petitioner's specious argument, to conclude that the boundary line between the two states is improper and/or that the Ridge Liquor Store is actually located in the State of Delaware.

right."  28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997);

3d Cir. LAR 22.2 (2011).

Dated:  August 12, 2024

_____
Colm F. Connolly
Chief Judge

8